UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL EMERGENCY MEDICAL SERVICES ASSOCIATION,<br><br>Defendant. | 1:11-cv-01929 AWI DLB<br><br>ORDER RE DEFENDANT'S MOTION TO DISMISS (DOC. 15) |

## I. INTRODUCTION

Plaintiff, Hilda L. Solis, the Secretary of the United States Department of Labor (the "Secretary"), brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 481-483, requesting an order directing Defendant, the National Emergency Medical Services Association ("NEMSA"), to conduct an election for the offices of Vice President, Treasurer, California Bay Area Regional Director 1, California Bay Area Regional Director 2, California Valley Regional Director, Southern California Regional Director, and Northeast Regional Director under the supervision of Plaintiff.  Doc. 19, First Amended Complaint ("FAC"), at ¶ 1. Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that: (1) an election is currently being conducted by NEMSA for four of the positions listed above; and (2) the terms of the remaining three Directors do not expire until 2013.  Doc. 15.  Plaintiff opposes dismissal, arguing that: (1) NEMSA's promises to cure by holding an election do not justify dismissal; and (2) NEMSA's position that the three remaining Directors are not subject to re-election under LMRDA until 2013 is

1

without merit.  Doc. 21.  Defendant replied.  Doc. 22.  The motion was originally set for hearing on March 15, 2012, but the hearing was vacated and the matter submitted for decision on the papers.

## II. FACTUAL AND LEGAL BACKGROUND

Passage of the LMRDA in 1959 "was based, in part, on a congressional finding 'from recent investigations in the labor and management fields, that there have been a number of instances of breach of trust, corruption, disregard of the rights of individual employees, and other failures to observe high standards of responsibility and ethical conduct,' " requiring action to protect the rights of employees and the public. *Hall v. Cole*, 412 U.S. 1, 7-8 (1973) (citing 29 U.S.C. § 401(b)).  "In an effort to eliminate these abuses, Congress recognized that it was imperative that all union members be guaranteed at least 'minimum standards of democratic process....' " *Id.* (quoting 105 Cong. Rec. 6471 (1959) (Sen. McClellan)).

Title IV of the LMRDA directs unions to conduct regularly-scheduled officer elections.  29 U.S.C. § 481.  A "national" or "international" labor organization must elect its "officers"[1] "not less often than once every five years...." § 481(a).  A "local" labor organization must elect its officers "not less often than once every three years...." § 481(b).[2]  So long as an organization's constitution and bylaws are not inconsistent with the LMRDA, elections should be conducted in accordance with the organization's founding documents.  § 481(e).

---

[1] The LMRDA defines "officer" as "any constitutional officer, any person authorized to perform the functions of president, vice president, secretary, treasurer, or other executive functions of a labor organization, and any member of its executive board or similar governing body."  29 U.S.C. § 402(n).  It is alleged, and appears to be undisputed, that all of the offices in dispute in this case (Vice President, Treasurer, and Regional Directors) are "officers" under this definition.  Although the Bylaws are confusingly drafted, it appears that each Regional Director sits on NEMSA's Board of Directors, which qualifies each as an "officer" by virtue of membership on NEMSA's governing body.  FAC at ¶ 16.

[2] The statute does not define the terms "national," "international," or "local" labor union.  The First Amended Complaint alleges that NEMSA is a "local" labor union because it performs the functions of a local union and does not have any subordinate local unions.  FAC at ¶ 7; *see also* Doc. 21 at 3 n.1 (citing *Donovan v. Nat'l Transient Division, Int'l Broth. of Boilermakers*, 726 F.2d 618 (10th Cir. 1984)).  NEMSA denies this, arguing that it is a "national" labor union "representing emergency medical services employees across the nation...." Doc. 15 at 3.  However, NEMSA also admits that its bylaws require an election for all of the positions in question every three years, rendering any dispute over the characterization of NEMSA irrelevant for determining the appropriate term length of the challenged positions.  Doc. 15 at 7 (citing Bylaws, Art VI, § 3).

Here, it is undisputed that NEMSA's bylaws provide for election of all officers every three years. Bylaws, Art. VI, § 7. The Bylaws also provide that the terms of office for all Directors shall be "staggered so that fifty percent (50%) plus one of the exact number of directors... are elected in even numbered years." *Id*. The Bylaws further provide that directors and officers shall be elected by "a secret ballot ... distribut[ed] to all members ... collect[ed] ... during the week preceding the June 1st membership meeting ('election week') and ... tabulated and posted at the June 1st membership meeting." *Id.*, Art VIII, § 1(A)-(B).

When NEMSA was established in 2004, it had four constitutional officers: President, Vice President, Secretary and Treasurer. FAC at ¶ 12. Between 2004 and 2007, there were no Regional Directors. FAC at ¶ 15A. In August 2007, the positions of California Valley Regional Director and California Bay Area Regional Director 1 were created. FAC at ¶ 15B. Individuals were appointed from each region to fill these positions for three-year terms. *See* Doc. 16, Declaration of Torren K. Colcord, at ¶ 10.[3] In August 2010, the positions of Bay Area Regional Director 2, Southern California Regional Director, and Northeast Regional Director were created. FAC at ¶ 15C. Again, individuals were appointed to fill these positions for three-year terms. *See* Doc. 16, Colcord Decl., at ¶ 10.

With respect to the Vice President and Treasurer positions created in 2004, NEMSA has not conducted an election since in 2008. FAC at ¶ 14. The FAC alleges that Defendant was required to conduct an election for these positions in June 2011. *Id*. This did not occur. *Id*.

With respect to the two Regional Directorships created in 2007 (Valley and Bay Area Position 1), the FAC alleges, and NEMSA does not dispute, that elections were required in June 2010. FAC at ¶ 17. No such election took place. *Id*.

---

[3] Defendant offers the Declaration of Torren K Colcord, NEMSA's Executive director, *see* Doc. 16 at ¶1, along with its motion to dismiss for lack of subject matter jurisdiction. A Court may review evidence beyond the complaint in order to resolve a factual attack on subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court notes that Mr. Colcord confusingly states that these two Directorships were <u>created</u> in 2007, *see id*. at ¶ 9, while also stating that because the terms of these positions <u>expired</u> in 2007, they were subject to election in 2007, *see id*. at ¶ 11.

3

With respect to the three Regional Directorships created in August 2010, the FAC alleges that elections were required in June 2011. *Id.* No such election took place. *Id.*

After first exhausting any remedies available under a labor organization's constitution and bylaws, and within one month of exhaustion, any member of that labor organization may file a complaint with the Secretary alleging a violation of the LMRDA's election requirements. 29 U.S.C. 482(a). The LMRDA directs the Secretary to:

> [I]nvestigate such complaint and, if [s]he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, [s]he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this subchapter and such rules and regulations as the Secretary may prescribe.

29 U.S.C. § 482(b). Here, the FAC alleges that NEMSA member, Louis Nizzari, protested the above described electoral conduct, pursued all available administrative remedies, and timely filed a complaint with the Secretary. *Id*. at ¶¶ 19-26. The Secretary investigated the complaint and found probable cause to believe NEMSA violated the LMRDA and that any such violations had not been remedied as of the date this case was filed. *Id*. at ¶ 27.

If, "upon a preponderance of the evidence after a trial upon the merits, the court finds ... that an election has not been held within the time prescribed by [LMRDA] section 481 ... the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization." 29 U.S.C. § 482(c).

### III. STANDARDS OF DECISION

**A.   Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of

4

jurisdiction over the subject matter." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981).

A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "If the challenge to jurisdiction is a facial attack, i.e., the defendant contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *Cervantez v. Sullivan*, 719 F. Supp. 899, 903 (E.D. Cal. 1989), rev'd on other grounds, 963 F.2d 229 (9th Cir. 1992). "The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

The standards used to resolve motions to dismiss under Rule 12(b) (6) are relevant to disposition of a facial attack under 12(b)(1). *See Cassirer v. Kingdom of Spain,* 580 F.3d 1048, 1052 n. 2 (9th Cir. 2009), rev'd on other grounds en banc, 616 F.3d 1019 (9th Cir. 2010) (applying *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), to a motion to dismiss for lack of subject matter jurisdiction).

**B.     Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949 (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007). In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S. Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

**A.     Subject Matter Jurisdiction.**

Defendant argues that this Court lacks subject matter jurisdiction over the Secretary's claims

6

concerning California Bay Area Regional Director Position 2, Southern California Regional Director, and Northeast Regional Director. NEMSA argues that because these three Directors were appointed to their positions on August 5, 2010 and have not yet been in office for three years, this Court lacks enforcement authority over these positions. Doc. 15 at 8-10. The Secretary disagrees with Defendant's interpretation of the law and maintains that each of these three Regional Director positions should have been the subject of an election in June 2011. FAC ¶ 17; Doc. 21at 6-9.

NEMSA's arguments are merits-based and do not amount to a subject matter jurisdiction challenge. This Court has subject matter over this case pursuant to 28 U.S.C. § 1331, which provides that a district court "shall have original jurisdiction [over] all actions arising under the Constitution, laws, or treaties of the United States." Only under very narrow circumstances can a merits challenge undermine federal subject matter jurisdiction under § 1331:

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case. [Citations.] As we stated in *Bell v. Hood*, 327 U.S. 678, 682 (1946), "[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," *id*., at 685, unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id*., at 682–683; [additional citations]. <u>Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."</u> *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974); [additional citations].

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90 (1998).

Here, among other arguments, the Secretary points out that it has been the Department of Labor's long-established position that unions may fill newly-created offices by appointment, but such appointees may only serve until the union's next regularly-scheduled election. *See* Doc. 21-1. Defendant has failed to demonstrate that the Secretary's position is so insubstantial, implausible, foreclosed by any, prior, binding decisions (let alone any decision of the United States Supreme Court),

7

or otherwise completely devoid of merit as to not involve a federal controversy.

Defendant's motion to dismiss for lack of subject matter jurisdiction is DENEID.

**B.     Failure to State a Claim.**

Defendant also moves to dismiss the FAC for failure to state a claim. Defendant concedes timely elections have not been held for the positions of Vice-President, Treasurer, and two of the five Regional Directorships (California Bay Area 1 and California Valley). Defendant claims instead that it is "currently holding" unsupervised elections for these five positions and therefore that there is no need for Court intervention. As to the remaining three Directorships, Plaintiffs maintain elections are not required until August 2013.

**1.     Significance of Defendant's Planned Unsupervised Elections.**

NEMSA does not dispute that the positions of California Bay Area Regional Director 1, and California Valley Regional Director were due for election as of June 2010. Nor does NEMSA dispute that no such election has occurred, in 2010 or otherwise. *See* Doc. 14 at 4 (indicating these two Directorships were established in 2007, but stating that NEMSA's July 2010 election was for the President and Secretary positions only). NEMSA also does not dispute that the Vice President and Treasurer positions were due for election in June 2011, but that no election occurred that year. *Id.*[4]

NEMSA claims it is "currently holding elections" for the positions of Vice President, Treasurer, California Bay Area Regional Director 1, and California Valley Regional Director. Doc. 16, Colcord Decl., at ¶ 19. However, NEMSA fails to provide any detail about this assertion. When are they set to occur? Have they occurred already? NEMSA suggests only that "[c]ourts have not ruled out the possibility that an unsupervised election will cure the defects brought in a 29 U.S.C. § 481 action." Doc.

---

[4] NEMSA offers as an excuse for failing to timely conduct an election in June 2011 the fact that a lawsuit was filed in this Court on March 28, 2011 challenging the conduct of the July 2010 NEMSA Presidential election. *Solis v. NEMSA*, 1:11-cv-00529 AWI GSA. NEMSA does not explain, however, why this lawsuit should affect NEMSA's duty to timely conduct elections. Nor does a lawsuit filed in March 2011 even arguably excuse the failure to timely conduct elections for California Bay Area Regional Director 1 and California Valley Regional Director, which were due in June 2010.

15 at 10.  In support of this position, NEMSA cites *McLaughlin v. Lodge 647, Int'l Broth. of Boilermakers, Iron Ship Builders, Blacksmiths Forgers & Helpers*, AFL-CIO, 876 F.2d 648, 651 (8th Cir. 1989),[5] in which the Eighth Circuit found a district court may refuse to order a supervised election under certain circumstances.  In that case, while the suit was pending, the union "proceeded with its next regularly scheduled election." *Id*. at 650.  The Secretary "refused an offer from the union to observe [the] election and supervise the distribution of campaign literature...." *Id*.  Instead, the union hired a "neutral labor relations consultant, a former Department of Labor administrator, to provide advice prior to and during the election and to observe the actual election process." *Id*.  In addition "the union eliminated the meeting-attendance eligibility rule being challenged by the Secretary as unreasonable...." *Id*.  Under those circumstances, the Eighth Circuit found the district court had "narrow equitable discretion" to refuse the Secretary's request for a supervised election.  *Id*. at 650, 655.

Here, the record does not present such a compelling fact pattern.  NEMSA claims to be "moving forward" with elections for the positions of Vice President, Treasurer, Bay Area Regional Director 1, and Valley Regional Director, the elections that were due to take place in June 2010.  However, NEMSA provides no detail about those plans.[6]  NEMSA has failed to demonstrate that *McLaughlin* is factually analogous.

Even more damaging to NEMSA's argument is the fact that the Ninth Circuit has declined to adopt the Eighth Circuit's flexible interpretation of LMRDA's election mandate.  *Hodgson v. Local Union 400, Bakery and Confectionery Workers' Intern. Union of America, AFL-CIO*, 491 F.2d 1348, 1350 (9th Cir. 1974), clearly rejected a defendant union's argument that its unilateral act of holding an election deprived the Secretary of her right to a court-ordered supervised election.  *See also Chao v.*

---

[5] NEMSA also cites *Wirtz v. Glass Bottle Blowers Ass'n*, 389 U.S. 463, 468 (1968), which generally cautions "against a literal reading of congressional labor legislation" because "such legislation is often the product of conflict and compromise between strongly held and opposed views," and provides the unsurprising corollary holding that interpretation of the LMRDA may require reference to its legislative history.

[6] NEMSA makes reference to the Secretary's apparent refusal of NEMSA's settlement offer to allow the Secretary to supervise this election.  *See* Doc. 16 at 12.  This is an improper reference to confidential settlement negotiations and will not be considered.

*Branch 4798 Nat. Ass'n of Letter Carriers*, 532 F. Supp. 2d 783, 790 & n.13 (E.D. Va. 2008) (acknowledging circuit split). In this Circuit, even if NEMSA had already held its unilateral election, the Secretary still has a right to a court-ordered supervised election. *See Hod*gson, 491 F.2d at 1351 (so holding notwithstanding potential waste of resources).

NEMSA's motion to dismiss for failure to state a claim on the ground that it plans to hold elections is DENIED.

### 2. **NEMSA's Argument that the Three Directorships Created in 2010 Are Not Subject to Election Until 2013.**

NEMSA next argues that the claims concerning the California Bay Area Regional Director Position 2, Southern California Regional Director, and Northeast Regional Director should be dismissed because these three Directorships are not subject to election until 2013. Doc. 15 at 8-10. In essence, NEMSA argues these claims are subject to dismissal under Rule 12(b)(6) because the Secretary lacks a cognizable legal theory. *See Balistreri*, 901 F.2d at 699.

The Secretary maintains that, even though individuals were appointed to these newly-created, three-year positions in 2010, because they were <u>appointed</u>, not elected, in the first instance, NEMSA was required to subject the positions to election in June 2011. In support of this contention, the Secretary first cites 29 C.F.R. § 452.14 for the "principle that newly appointed officers may only serve until a union's next regularly scheduled election." But, section 452.14 only applies to <u>newly-formed</u> or <u>merged</u> unions. NEMSA is neither.

More compelling is the Secretary's reference to the Department of Labor's long-established position that unions may fill newly-created offices by appointment, but such appointees may only serve until the union's next regularly-scheduled election. The Secretary cites a March 22, 2011 letter to a union the name of which has been redacted. That letter states:

> The [LMRDA] regulates the frequency and manner of holding regular periodic elections of officers by a labor organization but does not purport to establish statutory conditions

10

>for the creation of new offices or attempt to limit a labor organization's ability to reorganize itself. As such, the Act does not prohibit the union from considering these newly-created offices to be vacancies, which may be filled by appointment to serve until the next regularly scheduled election, at which point any newly-created officer positions must be open to all members for nomination and election. *See* 29 C.F.R. § 452.25.

Doc. 21-1, Ex. 1. Unlike 29 C.F.R. § 452.14, section 452.25 applies to all labor organizations, generally providing that, while "Title IV governs the regular periodic elections of officers in labor organizations subject to the Act ... [n]o requirements are imposed with respect to the filling by election or other method of any particular office which may become vacant between such regular elections." Section 452.25 provides the following specific example.

>If, for example, a vacancy in office occurs in a local labor organization, it may be filled by appointment, by automatic succession, or by a special election which need not conform to the provisions of Title IV. The provisions of section 504 of the Act, which prohibit certain persons from holding office, are applicable to such situations. While the enforcement procedures of section 402 are not available to a member in connection with the filling of an interim vacancy, remedies may be available to an aggrieved member under section 102 of the Act or under any pertinent State or local law to any vacancies occurring in a "local labor organization." [7]

Section 425.25 only addresses the extent to which a labor organization may <u>fill</u> a vacant position by appointment. It does not explicitly address when positions filled by appointment must be put to election. The Secretary's March 22, 2011 letter advances the interpretation that positions filled by appointment must be put to election at the next regularly-scheduled election. The Secretary points to a similar interpretation advanced in an October 12, 1978 Opinion of the Solicitor of Labor. *Id.*, Ex. 2. Agency interpretations "contained in formats such as opinion letters are 'entitled to respect' under [] *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)." *Christensen v. Harris County*, 529 U.S. 576, 587 (2000).

Finally, the Secretary points to language in NEMSA's bylaws requiring "all directors and officers to be elected." Bylaws, Art. VII, § 1 & 2. Although Article VII, section 4(D) permits NEMSA to make appointments to fill vacancies, the Secretary argues that nothing in the bylaws shields

---

[7] Whether section 452.25 was meant to apply only to "local" labor organizations or whether the discussion of local organizations is provided simply as an example is unclear. The FAC alleges that NEMSA is a local union. FAC at ¶ 7. NEMSA disputes this, any such dispute is more appropriately resolved at the summary judgment stage.

11

appointees from being replaced at the next scheduled election.  The Secretary also argues that NEMSA's failure to subject the three 2010 appointees to election in June 2011 violates with the provision in NEMSA's bylaws requiring staggered elections:

> Directors shall be elected by the members to hold office for three (3) years. The terms of office shall be staggered so that fifty percent (50%) plus one of the exact number of directors fixed by the Board . . . are elected in even numbered years. The president and secretary shall be elected in odd numbered years and the vice-president and treasurer shall be elected in even numbered years.

Bylaws, Art VI, § 7.

The only authority NEMSA cites to refute the Secretary's arguments is *Talley v. Reich*, 1993 WL 483192 (E.D. Pa. Nov. 23, 1993), which simply quotes 29 C.F.R. 425.25 for the proposition that the "<u>filling</u> of interim vacancies" by local labor organizations "are not subject to the provisions of Title IV, and thus, such vacancies may be filled by means other than election, including appointment."  Section 425.25 says nothing about what happens after a vacancy is filled.  It is the Secretary's established position that appointees must be subject to election at the next regularly scheduled opportunity.  NEMSA has presented nothing to undermine this administrative opinion, which warrants *Skidmore* deference.  The Secretary's claims regarding these three positions are based upon a cognizable legal theory.  Defendant's motion to dismiss is DENIED.

## V. CONCLUSION AND ORDER

For the reasons set forth above, Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated:   April 10, 2012                                              
                                                        CHIEF UNITED STATES DISTRICT JUDGE

12